IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JESSIE AND RENEE SCOTT,** | : | |
| | : | CIVIL ACTION |
| **Plaintiffs,** | : | |
| | : | NO. 02-CV-2778 |
| v. | : | |
| | : | |
| **FAIRBANKS CAPITAL CORP. and** | : | |
| **JAMES C. SUTTON t/a ABCO,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIM OF SETOFF OF DEFENDANT
<u>FAIRBANKS CAPITAL CORP. TO PLAINTIFF'S COMPLAINT</u>**

Defendant Fairbanks Capital Corp. ("Fairbanks"), by its undersigned counsel, Reed Smith LLP, hereby responds to the Complaint of Plaintiffs Jessie and Renee Scott ("Plaintiffs") as follows:

1. Denied. The allegations set forth in Paragraph 1 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

2. Denied. The allegations set forth in Paragraph 2 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

3. Admitted upon information and belief.

4. Denied as stated. Fairbanks admits only that it is a Utah corporation with a registered address c/o Corporation Services Company, 2704 Commerce Drive, Harrisburg, PA 17110 and that it currently services Plaintiffs' loan. Fairbanks is without knowledge or

information as to the remaining allegation set forth in Paragraph 4 of Plaintiffs' Complaint and, therefore, denies the same.

    5.    Denied.  Fairbanks is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of Plaintiffs' Complaint and, therefore, denies the same.

    6.    Denied. Fairbanks is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of Plaintiffs' Complaint and, therefore, denies the same.

    7.    Denied. Fairbanks is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of Plaintiffs' Complaint and, therefore, denies the same.  By way of further response, Exhibits "A" and "B" referenced in Paragraph 7 of Plaintiffs' Complaint are writings that speak for themselves, and any attempt to characterize their contents is improper and, therefore, denied.

    8.    Denied. The allegations set forth in Paragraph 8 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied. By way of further response, the loan documents referenced in Paragraph 8 of Plaintiffs' Complaint are writings that speak for themselves, and any attempt to characterize their contents is improper and, therefore, denied.

    9.    Denied. The allegations set forth in Paragraph 9 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied. By way of further response, the loan documents referenced in Paragraph 9 of Plaintiffs' Complaint are writings that speak for themselves, and any attempt to characterize their contents is improper and, therefore, denied.

    10.    Denied.  Fairbanks is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiffs' Complaint and, therefore, denies the same.

11.     Denied as stated. Fairbanks admits only that by letter dated October 5, 2001, Plaintiffs' counsel requested that the loan be rescinded. By way of further response, Exhibit "C" referenced in Paragraph 11 of Plaintiffs' Complaint is a writing that speaks for itself, and any attempt to characterize its contents is improper and, therefore, denied.

12.     Denied as stated. Fairbanks admits only that through its counsel by letter dated March 27, 2002 it advised Plaintiffs' counsel that it would not rescind the loan. By way of further response, Exhibit "D" referenced in Paragraph 12 of Plaintiffs' Complaint is a writing that speaks for itself, and any attempt to characterize its contents is improper and, therefore, denied.

## COUNT ONE
### (Fairbanks Only)

13.     Fairbanks incorporates by reference its responses to Paragraphs 1 through 12 of Plaintiffs' Complaint as if fully set forth herein.

14.     Denied. The allegations set forth in Paragraph 14 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

15.     Denied. The allegations set forth in Paragraph 15 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

16.     Denied. The allegations set forth in Paragraph 16 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

17.     Denied. The allegations set forth in Paragraph 17 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

**WHEREFORE,** Defendant Fairbanks Capital Corp. demands judgment in its favor and against the Plaintiffs along with costs and attorneys' fees and such other relief as this Court deems just and equitable.

## COUNT TWO
### (Both Defendants)

18. Fairbanks incorporates by reference its responses to Paragraphs 1 through 17 of Plaintiffs' Complaint as if fully set forth herein.

19. Denied. The allegations set forth in Paragraph 19 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

20. Denied. The allegations set forth in Paragraph 20 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

**WHEREFORE,** Defendant Fairbanks Capital Corp. demands judgment in its favor and against the Plaintiffs along with costs and attorneys' fees and such other relief as this Court deems just and equitable.

## COUNT THREE
### (Both Defendants)

21. Fairbanks incorporates by reference its responses to Paragraphs 1 through 20 of Plaintiffs' Complaint as if fully set forth herein.

22. Denied. The allegations set forth in Paragraph 22 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

23. Denied. The allegations set forth in Paragraph 23 of Plaintiffs' Complaint are conclusions of law to which no responsive pleading is required. To the extent these allegations may be deemed factual, they are denied.

**WHEREFORE,** Defendant Fairbanks Capital Corp. demands judgment in its favor and against the Plaintiffs along with costs and attorneys' fees and such other relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole in or part, by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to any statutory damages under any federal statute.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by reason of the doctrine of laches, waiver and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs were given all material disclosures in connection with the loan transaction required under state and federal law.

### SIXTH AFFIRMATIVE DEFENSE

If Fairbanks is deemed to be a holder of the loan, Plaintiffs' claims are barred, in whole or in part, by reason that Fairbanks is a holder in due course of a Note secured by a Mortgage dated December 15, 1998.

**WHEREFORE,** Defendant Fairbanks Capital Corp. demands judgment in its favor and against the Plaintiff along with costs and attorneys' fees and such other relief as this Court deems just and equitable.

### COUNTERCLAIM OF SETOFF

1. Plaintiffs are indebted to Fairbanks under the terms of a Note secured by a Mortgage dated December 15, 1998.

2. If this Court determines that Fairbanks is indebted to Plaintiffs in any amount, such indebtedness should be offset by the amount of money Plaintiffs owe Fairbanks pursuant to the terms of the Note.

**WHEREFORE,** Defendant Fairbanks Capital Corp. demands judgment in its favor and against the Plaintiff along with costs and attorneys' fees and such other relief as this Court deems just and equitable.

Respectfully submitted,

_____
Marilyn Heffley, Esquire
Attorney I.D. No. 42904
Peter F. Giamporcaro, Esquire
Attorney I.D. No. 81304
REED SMITH LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103
(215) 851-8100
(215) 851-1420 fax

Counsel for Defendant
Fairbanks Capital Corp.

Dated: August 1, 2002

## CERTIFICATE OF SERVICE

I, Peter F. Giamporcaro, hereby certify that a true and correct copy of the foregoing Answer, Affirmative Defenses, and Counterclaim of Setoff of Defendant Fairbanks Capital Corp. to Plaintiffs' Complaint was served by U.S. mail, postage prepaid, upon the following counsel of record on this 1st day of August, 2002:

>David A. Scholl, Esquire
>Regional Bankruptcy Center of
>  Southeastern Pennsylvania
>6 Albans Avenue
>Newtown Square, PA  19073
>
>(Counsel for Plaintiff)

>By_____
>    Peter F. Giamporcaro, Esquire